UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV-26-07469-MWF (RAOx)** **Date: September 22, 2026**

Title: Lais Pedroso v. Ladies Touch Inc. et al

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| | |
|---|---|
| Deputy Clerk:<br>Rita Sanchez | Court Reporter:<br>Not Reported |
| Attorneys Present for Plaintiff:<br>None Present | Attorneys Present for Defendant:<br>None Present |

**Proceedings (In Chambers):** ORDER DENYING PLAINTIFF'S MOTION TO REMAND

Before the Court is Plaintiff Lais Pedroso's Motion to Remand Case to Los Angeles Superior Court, filed August 7, 2026 (the "Motion" (Docket No. 16)). Defendant Levy Premium Food Service Limited Partnership filed its Opposition on August 19, 2026. (Docket No. 22). Plaintiff filed her Reply on August 26, 2026. (Docket No. 28).

The Court read and considered the papers on the Motions and deemed the matters appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); Local Rule 7-15.

The Remand Motion is **DENIED**. Plaintiff has not established that all primary Defendants are citizens of California. Therefore, the mandatory and discretionary home-state exceptions that would strip this Court of jurisdiction do not apply.

## I. BACKGROUND

On May 14, 2026, Plaintiff commenced a putative class action in Los Angeles Superior Court against Ladies Touch Inc., Ladies Touch LLC, Ladies Touch Volunteer Partnership, Levy Premium Food Service Limited Partnership, Legends Hospitality LLC, and Does 1-50. (Docket No. 3-1). Plaintiff is a former employee of Defendants alleging nine wage-and-hour related claims for relief under California law: failure to provide timely duty-free meal periods; failure to provide timely duty-free rest periods;

failure to reimburse necessary business expenses; failure to provide accurate itemized wage statements; failure to pay for all wages due; failure to pay all earned but unpaid wages upon separation of employment; conversion; unlawful deductions; and violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Profs. Code § 17200 *et seq*.

In her complaint, Plaintiff proposes the following class definition:

> All current and former non-exempt workers who worked for Defendants in the State of California at any time commencing four (4) years preceding the filing of this Complaint up until any court proceeding certifying the Class and/or class action settlement.

(Complaint ¶ 37). Plaintiff alleges that "[a]lthough the precise number of the proposed class members has not been determined, Ms. Pedroso is informed and believes there are at least 200 putative class members." (*Id.* ¶ 47).

Plaintiff's Complaint alleges activity by Defendants including misclassifying Plaintiff as a volunteer, requiring Plaintiff to pay for uniform compliant clothing, requiring Plaintiff to turn in tips as "donations," and a policy of deducting pay. (*Id.* ¶¶ 19-35).

On July 9, 2026, after filing an answer in Superior Court, Defendant removed the action, invoking this Court's jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d), Pub. L. No. 109-2. (Notice of Removal ("NoR") (Docket No. 1) ¶ 8). Plaintiff's Motion followed.

## II. LEGAL STANDARD

Under CAFA, the Court has "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which" there is minimal diversity. 28 U.S.C. § 1332(d).

"Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court . . . [and] intended CAFA to be interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). In a notice of removal, a defendant need only plausibly allege that these prerequisites are met. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014). Once confronted with a motion to remand, however, the removing defendant bears the burden of establishing jurisdiction by a preponderance of the evidence. *Id*. at 553–54; *Ibarra*, 775 F.3d at 1197–98.

## III. DISCUSSION

Even when a removing defendant shows that removal is otherwise proper under 28 U.S.C. § 1332(d)(2), the district court "may also be required to decline jurisdiction under two exceptions: 28 U.S.C. § 1332(d) (4)(A), the 'local controversy' exception, and 28 U.S.C. § 1332(d)(4)(B), the 'home-state controversy' exception." *Corsino v. Perkins*, 2010 WL 317418, at *4 (C.D. Cal. Jan. 19, 2010).

### A. Mandatory Home-State Exception

Under 28 § U.S.C. 1332(d)(4)(B), "A district court shall decline to exercise jurisdiction" when "two-thirds or more of the members of all proposed classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed."

"[A] court analyzing whether a defendant is a 'primary defendant' for the purposes of CAFA's home state exception should first assume that all defendants will be found liable. The court should then consider whether the defendant is sued directly or alleged to be directly responsible for the harm to the proposed class or classes, as opposed to being vicariously or secondarily liable. The court should also consider the defendant's potential exposure to the class relative to the exposure of other defendants. Courts should not treat these considerations as exhaustive or apply them mechanistically. The inquiry is whether a defendant is a '"principle," "fundamental,"

or "direct" defendant.'" *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1068 (9th Cir. 2019).

Plaintiff claims that Ladies Touch is "the primary defendant." (Motion at 4). But the Ninth Circuit has found that multiple defendants can be "primary," and each primary defendant must be a citizen of California for the exception to apply. *Singh*, 925 F.3d at 1069. While Ladies Touch has its principal place of business in California, Levy is an Illinois Limited Partnership and Legends is a Delaware Limited Liability Company. If either Levy or Legends is a "primary defendant," Plaintiff's home-state exception arguments fail.

Plaintiff alleges that Levy and Legends were her joint employers. (Docket No. 16 at 9). Levy and Legends allegedly managed food service across venues and recruited employees, while Ladies Touch directly assigned and supervised Plaintiff. (*Id.*). Plaintiff therefore argues that Levy and Legends "appeared to have benefited from" the conduct of Ladies Touch, but Ladies Touch is subject to additional exposure based on conduct such as requiring Plaintiff to turn over cash tips. (*Id.*).

Defendant argues that the appropriate inquiry is "not how Plaintiff characterizes Defendants for the purposes of remand, but how she alleged they functioned in the Complaint" and because Plaintiff did not distinguish the Defendants in her Complaint, they are all primary defendants. (Docket No. 22 at 10).

Assuming that all Defendants will be found liable, they have each been alleged to be directly responsible. Plaintiff asserts each cause of action against each Defendant and calls the Defendants "alter egos" of each other. (Complaint ¶ 12). Although Plaintiff does refer to specific involvement of Ladies Touch regarding the seventh cause of action for conversion, by alleging Levy and Legends as "alter egos" of Defendants, she attributes the actions of Ladies Touch to Levy and Legends with references to "Defendants' acts." (*Id.* ¶ 117).

In *Singh*, the Ninth Circuit characterized a defendant that provided financing for vehicles sold by auto dealer defendants as secondary. *Singh*, 925 F.3d at 106. The

financer defendant's "liability depend[ed] on a 'threshold finding'" that the dealer defendants acted unlawfully. *Id.* By contrast, several of the dealers were "alter ego[s]" of another defendant, and thus primary. *Id.* at 1068–69. Levy and Legends are far more similar to the "alter ego" dealers than they are to the secondary financer defendant. Levy and Legends' liability does not depend on the threshold finding of Ladies Touch's liability, just like the liability of the dealers did not depend on the liability of their alter ego defendant. And Plaintiff's description of the parties explains that Levy and Legends are "joint employers," demonstrating that they do not just benefit from the misconduct of Ladies Touch.

The Court finds that the characterization of the parties as "joint employers" and "alter egos" outweighs the specific references to Ladies Touch in one of nine causes of action. Accordingly, Ladies Touch, Levy, and Legends are all primary defendants. Because Levy and Legends are not citizens of California, the mandatory home-state exception does not apply, and the Court does not consider whether two-thirds or more of the proposed class members are citizens of California.

### B. Discretionary Home-State Exception

Under 28 U.S.C. § 1332(d)(3), "[a] district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction" "over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiffs classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed" based on a variety of considerations.

Plaintiff urges the Court to remand the case under this "discretionary home-state exception." But because the primary defendants are not all citizens of California, the Court is unable to exercise discretion here.

Accordingly, the Motion to Remand is **DENIED**.

IT IS SO ORDERED.